IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EMMIT L. MCNEILL,                    )
                                     )
    Plaintiff,                       )
                                     )
         v.                          )        1:09CV698
                                     )
PTL. BRANDON SCOTT, JEREMY R.        )
CLEARY, CORPORAL B. RODGER,          )
and SGT. TRACY GRADY,                )
                                     )
    Defendants.                      )

### **MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

The instant matter comes before the undersigned United States Magistrate Judge for recommended rulings on the Partial Motion of Defendants Scott and Cleary to Dismiss (Official Capacity Claims) (Docket Entry 27) and the Motion to Dismiss Official Capacity Claims in Amended Complaint Against Defendants Scott and Cleary (Docket Entry 33), as well as for a ruling on Plaintiff's Motion for Appointment of Counsel (Docket Entry 38). (See Docket Entries dated Mar. 25, 2014 and Apr. 2, 2014.) For the reasons that follow, Defendants' first instant Motion should be denied as moot, their second instant Motion should be granted, and Plaintiff's Motion for Appointment of Counsel will be denied.

### **I. Background**

Plaintiff's Amended Complaint alleges Defendant Brandon Scott, a Raeford City police officer (Docket Entry 31 at 7), "used excessive force against [Plaintiff] on [February 27, 2009] while

[Plaintiff] was lying on the ground and in handcuffs, not resisting arrest" (id. at 9). According to the Amended Complaint, Defendant Scott "jump[ed] in the air and kneed [Plaintiff] in [the] lower back[,] hit [Plaintiff] in the back of the head several times[,] . . . kicked [him] in the arm, side, thigh and ankle[,] . . . picked [Plaintiff] up off the ground . . . [and] slung [him] around and thr[ew] [him] back down to the ground . . . ." (Id. at 8.) The Amended Complaint further states that Plaintiff received a broken ankle as a result. (Id.) In addition, the Amended Complaint alleges that, "while all this was going on," Defendants Jeremy R. Cleary (a Raeford City police officer), B. Rodger, and Tracy Grady (both with the Hoke County Sheriff's office) "just watched." (Id. at 8-9.)[1] Based on these allegations, Plaintiff's asserts that his "Fourth and Eighth Amendmet [sic] were violated." (Id. at 9.)

Defendants Scott and Cleary filed their first instant Motion (Docket Entry 27) prior to Plaintiff's filing of the Amended Complaint (Docket Entry 31). Defendants Scott and Clearly subsequently filed their second, nearly identical, instant Motion (Docket Entry 33), to which Plaintiff responded (Docket Entry 37). In his Response, Plaintiff "move[s] the Court for a partial

---

[1] The "STATEMENT OF CLAIM" section of the Amended Complaint also includes "Deputy Nall (Hoke County Sheriff)" among the officers who watched the alleged excessive force. (Docket Entry 31 at 9.) However, the Amended Complaint does not identify Deputy Nall as a defendant in the "PARTIES" section. (See id. at 7-8.)

dismissal therefore agreeing with [D]efendants['] [M]otion to [D]ismiss <u>all official (only) capacity claims</u> in Amended Complaint against [Defendants] Scott and Cleary." (Docket Entry 37 at 1 (emphasis in original).) Plaintiff also filed his instant Motion (Docket Entry 38), to which Defendants Cleary and Scott, as well as Defendants Grady and Rodger separately responded (<u>see</u> Docket Entries 39, 40, respectively).

## II. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint falls short if it does not "contain sufficient <u>factual matter</u>, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>

"[D]etermining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion . . . requires the reviewing court to draw on its judicial experience and common sense." <u>Francis v. Giacomelli</u>, 588

3

F.3d 186, 193 (4th Cir. 2009). Moreover, although the Supreme Court has reiterated the importance of affording pro se litigants the benefit of liberal construction, Erickson, 551 U.S. at 94, the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)), cert. denied, 130 S. Ct. 2064 (2010).

Defendants Cleary and Scott contend that Plaintiff's Amended Complaint "fails to state valid official capacity claims . . . [in that it] fails to state any facts or allegations which state, assert, support or forecast that the alleged (but denied) violation of [P]laintiff's constitutional rights resulted from a constitutionally invalid practice, custom, or policy by the City of Raeford and its officials." (Docket Entry 34 at 1-2.) In his Response, Plaintiff concedes that the Court should dismiss the part

4

of his Amended Complaint alleging official capacity § 1983 claims against Defendants Cleary and Scott. (Docket Entry 37 at 1.)

Moreover, claims against officials in their official capacity "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Monell v. Department of Soc. Servs., 436 U.S. 658, 691 n.55 (1978). As Defendants Cleary and Scott point out (see Docket Entry 34 at 5-8), in order to state claims against them in their official capacity, i.e., against the local governmental entity of the City of Raeford, "it must be shown that the actions of [Defendants Cleary and Scott] were unconstitutional <u>and were taken pursuant to a custom or policy of the entity</u>." Giancola v. State of W. Va. Dep't of Pub. Safety, 830 F.2d 547, 550 (4th Cir. 1987) (emphasis added) (citing Monell, 436 U.S. at 690-92); accord Board of Cnty. Comm'rs of Bryan Cnty., Okla., 520 U.S. 397, 403 (1997) ("[L]ocal governmental bodies . . . may not be held liable under § 1983 solely because [they] employ[] a tortfeasor. . . . Instead, in Monell and subsequent cases, [the Supreme Court] ha[s] required a plaintiff seeking to impose liability on a [local governmental body] under § 1983 to identify a [local governmental] 'policy' or 'custom' that caused the plaintiff's injury."). Accordingly, Plaintiff must show that a "constitutional injury [wa]s proximately caused by a written policy or ordinance, or by a widespread practice that is 'so permanent and well settled as to constitute a "custom or usage" with the force of

law.'" McFadyen v. Duke Univ., 786 F. Supp. 2d 887, 954 (M.D.N.C. 2011), rev'd in part on other grounds, 703 F.3d 636 (4th Cir. 2012) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)). Plaintiff's Amended Complaint makes no allegation that the events it describes resulted from a policy or custom of the City of Raeford. (See Docket Entry 31 at 8-11.)[2]

For all of these reasons, the claims against Defendants Cleary and Scott in their official capacities should be dismissed.

### III. Motion for Appointment of Counsel

Plaintiff, citing 28 U.S.C. § 1915(e)(1), "moves for an order appointing counsel to represent him in this case." (Docket Entry 38 at 1.) Section 1915 authorizes a court to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In support of his request, Plaintiff contends the following:

> 1. Plaintiff is unable to afford counsel. He has requested leave to proceed in forma pauperis.
>
> 2. Plaintiff's imprisonment will greatly limit his ability to litigate. The issues involved in this case are complex, and will require significant research and investigation. Plaintiff has no access to the law library and limited knowledge of the law.
>
> 3. A trial in this case will likely involve conflicting testimony, and counsel would better enable [P]laintiff to present evidence and cross examine witnesses.

---

[2] Nor do the supplemental documents provided by Plaintiff show the existence of any such policy or custom. (See Docket Entry 31.)

(Docket Entry 38 at 1-2.)

"The power to appoint is a discretionary one, but it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances. The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984) (internal citations omitted), abrogated on other grounds by Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). "If it is apparent to the district court that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).[3]

This Court previously denied Plaintiff's first Motion to Appoint Counsel (Docket Entry 16 at 1). (See Text Order dated Aug. 3, 2012.) The Court held that, "at this stage of the proceedings, it is apparent neither that [Plaintiff] has a colorable claim nor that he lacks the capacity to present any such claim." (Id.) Nothing has changed in that regard. Should this case advance to the trial stage or other circumstances warrant, Plaintiff may ask the Court to revisit this issue.

---

[3] The United States Supreme Court has held that § 1915(e)(1) (previously § 1915(d)) does not authorize a court to appoint an attorney for an indigent civil plaintiff, but rather permits the court to request that an attorney represent said plaintiff. Mallard, 490 U.S. at 301-08.

7

## IV. Conclusion

Plaintiff has failed to plead sufficient facts to state Section 1983 claim(s) against Defendants Cleary and Scott in their official capacities. Moreover, Plaintiff has failed to show entitlement to assistance from the Court in securing counsel at this stage of the proceedings.

**IT IS THEREFORE RECOMMENDED** that the Motion to Dismiss Official Capacity Claims in Amended Complaint Against Defendants Scott and Cleary (Docket Entry 33) be granted in that all official capacity claims against Defendants Cleary and Scott should be dismissed.

**IT IS FURTHER RECOMMENDED** that the Partial Motion of Defendants Scott and Cleary to Dismiss (Official Capacity Claims) (Docket Entry 27) be denied as moot.

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (Docket Entry 38) is **DENIED**.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 13, 2014